# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Olga Rosario

## DEFENDANTS

Ross Stores, Inc., d/b/a Ross Dress for Less and Ross Stores Pennsylvania, LP d/b/a Ross Dress for Less

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Almeda County, California
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan D. Marx, Esquire  KaplunMarx, PLLC
2 Bala Plaza, Suite 300, Bala Cynwyd, PA 19004
610-660-7780

Attorneys *(If Known)*
Elizabeth A. Chalik, Esquire   Kiernan Trebach LLP
1801 Market Street, Suite 770, Philadelphia, PA 19103
215-569-4433

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
         Plaintiff

☐ 3  Federal Question
         *(U.S. Government Not a Party)*

☐ 2  U.S. Government
         Defendant

☒ 4  Diversity
         *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury  - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
        Proceeding

☒ 2  Removed from
        State Court

☐ 3  Remanded from
        Appellate Court

☐ 4  Reinstated or
        Reopened

☐ 5  Transferred from
        Another District
        *(specify)*

☐ 6  Multidistrict
        Litigation -
        Transfer

☐ 8  Multidistrict
        Litigation -
        Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code Section 1332

Brief description of cause:
Slip and Fall Premises Liability Matter

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
    UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
September 15, 2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ *Elizabeth A. Chalik*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions.</u>

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OLGA ROSARIO | CIVIL ACTION NO. |
| Plaintiffs | |
| v. | |
| ROSS STORES, INC., D/B/A ROSS DRESS FOR LESS and ROSS STORES PENNSYLVANIA, LP D/B/A ROSS DRESS FOR LESS ABC CORPORATION and JOHN DOE | |
| Defendants | |

### <u>NOTICE OF REMOVAL OF DEFENDANTS, ROSS STORES, INC., D/B/A ROSS DRESS FOR LESS AND ROSS STORES PENNSYLVANIA, LP D/B/A ROSS DRESS FOR LESS</u>

TO:     United States District Court for the Eastern District of Pennsylvania

Defendants, Ross Stores, Inc., d/b/a Ross Dress for Less and Ross Stores Pennsylvania, LP d/b/a Ross Dress for Less, by and through their attorneys, KIERNAN TREBACH LLP, hereby file this Notice of Removal pursuant to 28 U.S.C. §1446(b), and in support thereof, aver as follows:

1.      On or about August 13, 2025, Plaintiff Olga Rosario filed a Complaint in the Court of Common Pleas of Philadelphia County for an action captioned *Olga Rosario v. Ross Stores, Inc., d/b/a Ross Dress for Less, Ross Stores Pennsylvania, LP d/b/a Ross Dress for Less; ABC Corporation and John Doe* No. 250801361.   A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A" and, without admitting the truth of the allegations contained therein, Defendants, Ross Stores, Inc., d/b/a Ross Dress for Less and Ross Stores Pennsylvania, LP d/b/a Ross Dress for Less, incorporate by reference Plaintiff's Complaint as if fully stated herein.

2.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

3.      This is a civil suit and involves controversy between citizens of different states.

4.      Plaintiff, upon information and belief, was, at the time of the commencement of the above action, a citizen of the Commonwealth of Pennsylvania.

5.      Defendant, Ross Stores, Inc. d/b/a Ross Dress for Less is headquartered at 5120 Hacienda Drive, Dublin, California, 94568, and is a Delaware corporation.

6.      Ross Stores Pennsylvania, LP is not a proper defendant in this matter and Ross Stores Pennsylvania, LP is not doing business as "Ross Dress for Less." Ross Stores, Inc. is the correct Defendant in this matter.

7.      Ross Stores Pennsylvania, LP has not been properly served in this matter.

8.      Defendants aver that the amount in controversy in this case is in excess of $75,000.

9.      A simple review of Plaintiff's Complaint confirms that the amount in controversy is in excess of $75,000.

10.     In fact, Plaintiff's Complaint, which is attached hereto as Exhibit "A", notes that Plaintiff's demand judgment in her favor "in an amount in excess of $50,000."

11.     Furthermore, Plaintiff, Olga Rosario claims that she injured her right foot, lower back, right knee and right leg. Plaintiff alleges that she had positive findings on an MRI and had epidural injections (See Exhibit "A"). She also claims that she was diagnosed with lumbar radiculopathy. Plaintiff claims that her injuries resulted in severe pain and are chronic.

12.     Plaintiff also avers that she has suffered a loss of earning capacity, both past and future. (See Exhibit "A").

13. On September 15, 2025, defense counsel reached out to Plaintiff's counsel who confirmed that the amount in controversy exceeded $75,000.

14. The above described Civil Action is one in which this Honorable Court has original jurisdiction pursuant to Tile 28 United States Code Section 1332 based upon the fact that there exists diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.00, exclusive of interests and costs, and is accordingly one which may be removed to this Honorable Court by Notice pursuant to Title 28, United States Code, Section. 1441.

15. Promptly after filing this Notice of Removal in this Honorable Court, a copy of this Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, in accordance with 28 United States Code, Section 1446(d).

16. Copies of all process, pleadings and orders served upon defendants as of the time of this removal are attached hereto in accordance with 28 United States Code, Section 1446(a).

17. Defendants have contemporaneously, with the filing of this Notice of Removal, given written notice to Plaintiffs' counsel.

**WHEREFORE**, based on the foregoing, Defendants respectfully request that this action, currently docketed in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

KIERNAN TREBACH LLP

BY: _____
ELIZABETH A. CHALIK, ESQUIRE
*Attorney for Defendants*

Dated: <u>September 15, 2025</u>

## CERTIFICATION OF SERVICE

I, Elizabeth A. Chalik, Esquire, hereby certify that I caused to be served a true and correct copy of the foregoing Notice of Removal upon counsel for all parties to this action at the address below via electronic mail:

**COUNSEL FOR PLAINTIFF**
Jonathan D. Marx, Esquire
KAPLUNMARX, PLLC
2 Bala Plaza, Suite 300
Bala Cynwyd, PA 19004

KIERNAN TREBACH LLP

BY: _____
ELIZABETH A. CHALIK, ESQUIRE
*Attorney for Defendants*

Dated: September 15, 2025

**Exhibit "A"**

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**AUGUST 2025**                                **01361**

E-Filing Number: 2508026511

| | |
|---|---|
| PLAINTIFF'S NAME<br>OLGA ROSARIO | DEFENDANT'S NAME<br>ROSS STORES, INC.,, ALIAS: ROSS DRESS FOR LESS |
| PLAINTIFF'S ADDRESS<br>1401 ROSALIE STREET<br>PHILADELPHIA PA 19149 | DEFENDANT'S ADDRESS<br>5120 HACIENDA DRIVE<br>DUBLIN CA 94568 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>ROSS STORES PENNSYLVANIA, LP, ALIAS: ROSS DRESS FOR LESS |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>4640 ROOSEVELT BOULEVARD<br>PHILADELPHIA PA 19124 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>ABC CORPORATION |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>4640 ROOSEVELT BOULEVARD<br>PHILADELPHIA PA 19124 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE
2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED<br>PRO PROTHY**<br>AUG **13** 2025<br>**B. BALILONIS** | YES        NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: OLGA ROSARIO

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>JONATHAN D. MARX | ADDRESS<br>1230 COUNTY LINE ROAD<br>BRYN MAWR PA 19010 |
|---|---|
| PHONE NUMBER<br>(610)660-7780 | FAX NUMBER<br>(610)572-7301 | |
| SUPREME COURT IDENTIFICATION NO.<br>48263 | E-MAIL ADDRESS<br>jon@kaplunmarx.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*JONATHAN MARX* | DATE SUBMITTED<br>Wednesday, August 13, 2025, 09:53 am |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. ROSS STORES, INC.,
   ALIAS: ROSS DRESS FOR LESS
   5120 HACIENDA DRIVE
   DUBLIN CA 94568
2. ROSS STORES PENNSYLVANIA, LP
   ALIAS: ROSS DRESS FOR LESS
   4640 ROOSEVELT BOULEVARD
   PHILADELPHIA PA 19124
3. ABC CORPORATION
   4640 ROOSEVELT BOULEVARD
   PHILADELPHIA PA 19124
4. JOHN DOE
   4640 ROOSEVELT BOULEVARD
   PHILADELPHIA PA 19124

**KaplunMarx, PLLC**
By: Jonathan D. Marx, Esquire
Attorney I.D. No.: 48263
2 Bala Plaza, Ste 300
Bala Cynwyd, PA 19004
610-660-7780
610-572-7301 (fax)

*Attorney for Plaintiff*



Filed and Attested by the
Office of Judicial Records
13 AUG 2025 09:51 am
E. BALILONIS

| | |
|---|---|
| OLGA ROSARIO<br>1401 Roasalie Street<br>Philadelphia, PA 19149 | COURT OF COMMON PLEAS |
| Plaintiff, | PHILADELPHIA COUNTY, PA |
| v. | NO: |
| ROSS STORES, INC., D/B/A ROSS DRESS FOR LESS<br>5130 Hacienda Drive<br>Dublin, CA 94568 | |
| ROSS STORES PENNSYLVANIA, LP., D/B/A ROSS DRESS FOR LESS<br>4640 Roosevelt Boulevard<br>Philadelphia, PA 19124<br>And | |
| ABC CORPORATION | |
| And | |
| JOHN DOE | |
| Defendants | |

---

CIVIL ACTION - COMPLAINT

Case ID: 250801361

**NOTICE TO PLEAD**

You have been sued in court, If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you, and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguentes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparesencia escrita 0 en persona 0 con un abogado y entregar a la corte en forma escrita sus defensas 0 sus objeciones a las demandas en contra de su you. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso 0 notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero 0 sus propriedades 0 otros derechos importantes para usted

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral of the Philadelphia Bar Association

1101 Market Street

Philadelphia, PA 19107

215-238-6333

DEMANDA A UN ABOGADO IMMEDIATEMENTE SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. LLEVE ESTE

Servicio de Referencia Legal

1101 Market Street

Philadelphia, PA 19107

215-238-6333

Case ID: 250801361

And Now, comes the Plaintiff, who respectfully set forth the following:

## COUNT I
## PLAINTIFF OLGA ROSARIO VS. ROSS STORES, INC., D/B/A ROSS DRESS FOR LESS AND ROSS STORES PENNSYLVANIA, LP., D/B/A ROSS DRESS FOR LESS

1.  The Plaintiff, Olga Rosario, is an adult individual with a mailing address as captioned above.

2.  The Defendant, Ross Stores, Inc., D/B/A Ross Dress for Less is a business entity of unknown structure with a business address as set forth above and owns and operates a Ross Dress for Less store at 4640 Roosevelt Boulevard, Philadelphia, PA 19124.

3.  The Defendant, Ross Stores Pennsylvania, LP., D/B/A Ross Dress for Less is a business entity of unknown structure with a business address as set forth above and owns and operates a Ross Dress for Less store at 4640 Roosevelt Boulevard, Philadelphia, PA 19124.

4.  The Defendant ABC Corporation is a fictitious name.

5.  The Defendant John Doe is a fictitious name.

6.  The Defendants, Ross Stores, Inc., D/B/A Ross Dress for Less (hereinafter referred to as Ross Stores, Inc.,) and Ross Stores Pennsylvania, LP., D/B/A Ross Dress for Less, (hereinafter referred to as Ross Stores, PA ) and collectively referred to as Defendants Ross, owned, occupied, leased, maintained and/or controlled the property known as a Ross Dress for Less and operated a store at 4640 Roosevelt Boulevard, Philadelphia, PA.

7.  On August 14, 2023, the Plaintiff, Olga Rosario, was a business invitee at Defendants Ross location as noted above and shopping in the store when she stepped on a magnetic security hard tag pin (see attached picture of same and hereinafter referred to as pin) on the floor, that pierced her

foot, causing her to fall, which was a dangerous and defective condition in and of the property, and causing Plaintiff to sustain the injuries complained of hereinafter.

8.    At all times relevant hereto, Defendants Ross, themselves and by their, agents, servant, workmen and/or employees, had the duty and responsibility for the care, maintenance, inspection, upkeep and repair of the aforementioned premises, and more specifically to keep the floor in a reasonably safe condition and to not allow a pin to be on it which was a dangerous condition to the Plaintiff and other business invitees.

9.    On or about the above date, the said floor where the Plaintiff was injured was caused, permitted and allowed by Defendants Ross to become and remain in a highly dangerous condition and was not maintained and otherwise not reasonably safe for use by Plaintiff and Defendants Ross had knowledge of this dangerous condition.

10.    At all times relevant hereto, Defendants Ross acted or failed to act, individually or by their agents, servants, workmen, representatives and/or employees, who were acting or failing to act within the course and scope of their employment and authority on behalf of Defendants Ross.

11.    The aforesaid accident was caused solely by the negligence and carelessness of Defendants Ross, jointly, severally and or individually and/or by their agents, servants, workmen, representatives and/or employees, especially in that they:

    a.    failed to adequately supervise, control, inspect, repair and maintain the store and floor of their store where Plaintiff was injured in that there was a sharp pin on the floor that injured the Plaintiff;

    b.    failed to provide Plaintiff and other persons with an adequate and safe place to walk in the store;

    c.    failed to warn Plaintiff of the existence of the dangerous condition of the pin of which the Defendants knew or should have known to exist;

    d.    permitted the aforesaid store floor to remain in a dangerous condition for an unreasonable length of time to the prejudice of the Plaintiff;

e.  failed to post barricades and/or other devices to warn the Plaintiff and other persons of the dangerous condition of the store floor, the conditions of which the Defendants knew or should have known, constituted a peril to Plaintiff and other persons in the vicinity;

f.  failed to exercise reasonable care to eliminate the aforesaid dangerous conditions of the pin;

g.  failed to adequately, regularly and properly inspect the store and the floor therein;

h.  permitted the floor in their store to remain in a condition constituting a peril, hazard and/or state of neglect to the prejudice of the Plaintiff herein;

i.  failed to meet the high standard of care which the Defendants owed to Plaintiff, an invitee.

12.  The Defendants Ross knew or should have known of the aforesaid dangerous condition of the floor in their store of the fact that the conditions existed on August 14, 2023, and for a period of time prior thereto.

13.  At all times relevant hereto, Defendants Ross were responsible for the inspection, maintenance, upkeep and repair of the aforesaid premises, in particular, but not limited to the floor of their store where Plaintiff was injured and to make the area safe for Plaintiff.

14.  As a result of the negligence and carelessness of Defendants Ross, as aforesaid, the Plaintiff, Olga Rosario, was caused to sustain serious and permanent personal injuries in, on and about her person, including, but not limited to the following: puncture wound of right foot, serious and permanent injury to her lower back with positive findings on the lumbar MRI study, lumbar epidural steroid injection, lumbar radiculopathy with pain down the right leg and right knee injury and other injuries with resultant injuries to nerves, muscles, ligaments, discs, bones, cartilage and blood vessels, hereof aggravation, activation, precipitation, and instigation of any pre-existing asymptomatic conditions and other severe injuries in, on, about her person, all of which have caused her great pain, suffering and inconvenience and have prevented her from attending to her usual and customary duties, avocations and occupations, all of which have caused her to sustain great financial

Case ID: 250801361

damage and a loss of earning and earnings power, all of which may continue for an indefinite time into the future and may be permanent in nature and character.

15.     As a result of the aforesaid accident, Plaintiff has undergone great physical pain and mental anguish to her great detriment and loss and has suffered a loss of life's pleasures and she will continue to endure same for an indefinite time into the future and the same may be permanent in nature and character.

16.     As a further result of this accident, Plaintiff has paid or has been obliged to pay money for medical care in an effort to affect a cure of her aforesaid injuries, and she may be obliged to expend such sums for an indefinite time into the future, to her great detriment and loss and there are or may be liens asserted for medical bills paid on her behalf for which Plaintiff claims reimbursement.

17.     As a further result of the negligence of Defendants Ross aforesaid, Plaintiff was, and may in the future be, prevented from attending to her usual daily duties, functions, activities and occupations, all to her great loss and detriment.

18.     As a result of the aforesaid accident, Plaintiff has suffered a diminution in her ability to enjoy life and life's pleasures, and said diminution is permanent in nature and character.

19.     As a result of the aforesaid accident, Plaintiff has incurred other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident, and a claim is hereby made against Defendants Ross for said expenses.

20.     As a direct and reasonable result of the accident aforementioned, Plaintiff has or may have incurred wage losses and/or a loss of earnings power.

     **WHEREFORE,** Plaintiff, Olga Rosario demands judgment against, Ross Stores, Inc., D/B/A Ross Dress for Less and Ross Stores Pennsylvania, LP., D/B/A Ross Dress for Less, jointly, severally and/or individually, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II

## **PLAINTIFF OLGA ROSARIO VS. ABC CORPORATION AND JOHN DOE**

21.     Plaintiff incorporates by reference paragraphs 1-20 as if same were set forth at length herein.

22.     ABC Corporation and John Doe are fictitious entities whose identity are unknown at this time and hereinafter referred to as ("ABC" and "John Doe").

23.     Plaintiff has made a diligent search of other parties responsible for the maintenance, inspection, upkeep and repair of the property known as Ross Dress for Less at 4640 Roosevelt Boulevard, Philadelphia, PA 19124 but Plaintiff has not been able to ascertain the names of these entities and thus brings this suit against "ABC" and "John Doe", fictitious entities.

24.     At all times relevant hereto, "ABC" and "John Doe", themselves and by their, agents, servant, workmen and/or employees, had the duty and responsibility for the care, maintenance, inspection, upkeep and repair of the aforementioned store and specifically to keep pins off of the floor and to keep the floor in a reasonably safe condition for Plaintiff and other business invitees.

25.     On or about the above date, the floor in the store had a pin on it that pierced Plaintiff's foot and caused her to fall and sustain injury and the floor was permitted and allowed by "ABC" and "John Doe" to become and remain in a highly dangerous condition and was not maintained and otherwise not reasonably safe for use by Plaintiff and "ABC" and "John Doe" had knowledge of this dangerous condition.

26. At all times relevant hereto, "ABC" and "John Doe" acted or failed to act, individually or by their agents, servants, workmen, representatives and/or employees, who were acting or failing to act within the course and scope of their employment and authority on behalf of these Defendants.

27. The aforesaid accident was caused solely by the negligence and carelessness of "ABC" and "John Doe", jointly, severally and or individually and/or by their agents, servants, workmen, representatives and/or employees, especially in that they:

a. failed to adequately supervise, control, inspect, repair and maintain the store's floor where Plaintiff was injured in that there was a sharp pin on the floor that pierced Plaintiff's foot;

b. failed to provide Plaintiff and other persons with an adequate and safe place to walk in the store;

c. failed to warn Plaintiff of the existence of the dangerous condition of the floor and pin of which The Defendants knew or should have known to exist;

d. permitted the aforesaid floor to remain in a dangerous condition for an unreasonable length of time to the prejudice of the Plaintiff;

e. failed to post barricades and/or other devices to warn the Plaintiff and other persons of the dangerous condition of the floor, the conditions of which The Defendants knew or should have known, constituted a peril to Plaintiff and other persons in the vicinity;

f. failed to exercise reasonable care to eliminate the aforesaid dangerous conditions of the pin;

g. failed to adequately, regularly and properly inspect the store's floor;

h. permitted the floor to remain in a condition constituting a peril, hazard and/or state of neglect to the prejudice of the Plaintiff herein;

i. failed to meet the high standard of care which The Defendants owed to Plaintiff, an invitee.

28.     "ABC and "John Doe" knew or should have known of the aforesaid dangerous condition of the pin and floor and of the fact that the conditions existed on August 14, 2023 and for a period of time prior thereto.

29.     At all times relevant hereto, "ABC" and "John Doe" were responsible for the inspection, maintenance, upkeep and repair of the aforesaid premises, in particular, but not limited to the floor where Plaintiff was injured and to make the area safe for Plaintiff.

30.     As a result of the negligence and carelessness of Defendants, as aforesaid, the Plaintiff, Olga Rosario, was caused to sustain serious and permanent personal injuries in, on and about her person, including, but not limited to the following: puncture wound of right foot, serious and permanent injury to her lower back with positive findings on the lumbar MRI study, lumbar epidural steroid injection, lumbar radiculopathy with pain down the right leg and right knee injury and other injuries with resultant injuries to nerves, muscles, ligaments, discs, bones, cartilage and blood vessels, hereof aggravation, activation, precipitation, and instigation of any pre-existing asymptomatic conditions and other severe injuries in, on, about her person, all of which have caused her great pain, suffering and inconvenience and have prevented her from attending to her usual and customary duties, avocations and occupations, all of which have caused her to sustain great financial damage and a loss of earning and earnings power, all of which may continue for an indefinite time into the future and may be permanent in nature and character.

31.     As a result of the aforesaid accident, Plaintiff has undergone great physical pain and mental anguish to her great detriment and loss and has suffered a loss of life's pleasures and she will continue to endure same for an indefinite time into the future and the same may be permanent in nature and character.

32.     As a further result of this accident, Plaintiff has paid or has been obliged to pay money for medical care in an effort to affect a cure of her aforesaid injuries, and she may be obliged to expend such sums for an indefinite time into the future, to her great detriment and loss and there are or may be liens asserted for medical bills paid on her behalf for which Plaintiff claims reimbursement.

33.     As a further result of the negligence of "ABC" and "John Doe" aforesaid, Plaintiff was, and may in the future be, prevented from attending to her usual daily duties, functions, activities and occupations, all to her great loss and detriment.

34.     As a result of the aforesaid accident, Plaintiff has suffered a diminution in her ability to enjoy life and life's pleasures, and said diminution is permanent in nature and character.

35.     As a result of the aforesaid accident, Plaintiff has incurred other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident, and a claim is hereby made against "ABC" and "John Doe" for said expenses.

36.     As a direct and reasonable result of the accident aforementioned, Plaintiff has or may have incurred wage losses and/or a loss of earnings power.

**WHEREFORE,** Plaintiff, Olga Rosario demands judgment against "ABC" and "John Doe", jointly, severally and/or individually, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

By: _____

Jonathan D. Marx, Esquire
Attorney for Plaintiff

# VERIFICATION

I, <u>Olga Rosario</u>, am the Plaintiff in the within action and state that the facts set forth in the

foregoing Complaint are true and correct to the best of my knowledge, information and belief, and

that this statement is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn

falsification to authorities.

Date:<u>08/12/2025</u>                             BY: <u>Olga Rosario</u>

                                                         Olga Rosario

Case ID: 250801361

◎ LIVE ⌄



Case ID: 250801361

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: <u>4640 Roosevelt Boulevard, Philadelphia, PA  19124</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

***A.*** ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

***B.*** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☒ 6. Other Personal Injury *(Please specify)*: <u>Premises Liability</u>
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☐ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.